**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NIELSEN & BAINBRIDGE, LLC, *et al.*,[1] | ) Case No. 23-90071 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT
BY AND AMONG NIELSEN & BAINBRIDGE, LLC AND SKYX
PLATFORMS CORPORATION AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 11:00 a.m. (prevailing Central Time) on April 27, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on April 27, 2023 at 11:00 a.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NBGHome. The Debtors' service address in these chapter 11 cases is: 12303 Technology Boulevard, Suite 950, Austin, TX 78727.

**name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto

(the "Order"), (a) authorizing and approving Debtor Nielsen & Bainbridge, LLC's ("N&B") entry

into and performance under the settlement agreement attached to the proposed Order as Exhibit 1

(the "Settlement Agreement"), by and among N&B and SKYX Platforms Corporation (formerly

SQL Technologies Corp.) ("SKYX" and together with N&B, the "Parties"), and (b) granting

related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the

entry of a final order by the Court in connection with this Motion.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363(b) of title 11

of the United States Code (the "Bankruptcy Code"), rules 2002 and 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules

for the Southern District of Texas (the "Bankruptcy Local Rules").

---

[2]      The facts and circumstances supporting this Motion are set forth in the *Declaration of Amy Lee, Chief Transformation Officer of Nielsen & Bainbridge, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 18] (the "First Day Declaration"), incorporated by reference herein.

**Background**

5.      Nielsen & Bainbridge, LLC, together with its Debtor and non-Debtor affiliates, is a key end-to-end supplier of affordable home décor and hardwire lighting in the United States operating under the trade name NBG Home.  NBG Home serves a portfolio of prominent retail partners in the design, development, and fulfillment of products such as lighting, accents, furniture, soft home goods, wall décor, and frames sold under various brand names.  NBG Home operates eight business units touching the brick-and-mortar and eCommerce spaces and employs approximately 730 individuals across the United States.

6.      A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declaration, filed substantially contemporaneously with the Debtors' voluntary petitions for relief under chapter 11 of the Bankruptcy Code on February 8, 2023 (the "Petition Date") and incorporated by reference herein.

7.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 9, 2023, the Court entered an order [Docket No. 38] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.  On February 18, 2023, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 123] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**The Settlement Agreement**

8.      On December 14, 2021, N&B issued a promissory note to SKYX in exchange for a line of credit in the amount of $5,900,792.36 (the "Promissory Note").  As of the date hereof, $5,157,792.36 (the "Amount Due") remains due and owing on the Promissory Note, which SKYX is scheduled to repay as follows:  (i) payment on July 1, 2023 in the amount of $200,000; (ii) payment on December 30, 2023 in the amount of $200,000; and (iii) monthly payments thereafter commencing on January 15, 2024 and ending in September 2026 in the amount of $144,175.53 per month.

9.      In March 2023, in part driven by the Debtors' current liquidity needs, the Debtors and their advisors engaged in good faith, arm's-length negotiations with SKYX on the terms of a settlement of the Amount Due under the Promissory Note.  As more fully set forth in the Settlement Agreement, in exchange for retiring the Promissory Note, the Settlement Agreement provides that SKYX will provide the Debtors with $2,000,000 in cash as well as an additional $2,000,000 in consideration in the form of common stock of SKYX[3] (such cash and stock collectively, the "Settlement Consideration").  Pursuant to the terms of the Settlement Agreement, the Settlement Consideration will be paid on the date of entry of the Order.[4]

---

[3]   The number of shares of Common Stock issuable to N&B as part of the Settlement Agreement is determined by dividing $2,000,000 by the average closing price for a share of SKYX's common stock on the Nasdaq Stock Market for the twenty (20) consecutive trading days immediately preceding the date of the Settlement Agreement.

[4]   The Settlement Agreement provides that it shall become effective upon execution by the Parties and approval by the board of directors of SKYX, which was obtained on April 25, 2023.

10.     A summary of the key terms of the Settlement Agreement is as follows:[5]

| Summary of Principal Terms of the Settlement Agreement | |
|---|---|
| **Satisfaction of the Amount Due** | The Parties have agreed that SKYX will satisfy the Amount Due by a payment to N&B of:  (i) $2,000,000 in cash (the "Cash Payment"), and (ii) $2,000,000 in shares of common stock of SKYX, no par value (the "Common Stock" and, such payment of the Common Stock, the "Share Payment"). |
| **Right to Sell the Common Stock** | For a period beginning on the date the Share Payment is made and continuing until December 31, 2023, N&B will not offer, pledge, sell, contract to sell, grant, lend, or otherwise transfer or dispose of, directly or indirectly, any Common Stock (other than in connection with any purchase of SKYX securities direct from SKYX with the consent of SKYX).<br><br>For the period beginning on January 1, 2024 and continuing until December 31, 2024, N&B may sell, transfer, or otherwise dispose of up to sixty thousand (60,000) shares of Common Stock per calendar month on a non-cumulative basis. |
| **Promissory Note** | Upon delivery to, and receipt of, the Cash Payment and Share Payment, the Promissory Note and that certain Pledge and Security Agreement dated August 18, 2016 shall both be deemed terminated and of no further force and effect. |

11.     The Debtors believe the Settlement Agreement is in the best interests of the Debtors and their estates.  The Settlement Agreement represents a resolution to the Amount Due under the Promissory Note in a manner that reduces the recovery risk on account of the Promissory Note and provides an immediate benefit by virtue of additional liquidity to the Debtors' business in the weeks leading up to confirmation of the Plan.  Additionally, the stock consideration provides the Debtors with potential upside to increase the recovery amount.  To finally resolve the debt owed to N&B pursuant to the Promissory Note, the Debtors seek authorization and approval of the Settlement Agreement.

---

[5]  The following summary is provided for illustrative purposes only and is qualified in its entirety by reference to the Settlement Agreement.  In the event of any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls in all respects.  Further, this summary shall not be used to construe or interpret the terms of the Settlement Agreement or intent of the parties thereto.

## Basis for Relief

**I.    The Debtors' Entry Into and Performance Under the Settlement Agreement Reflect a Sound Exercise of the Debtors' Business Judgment.**

12.    Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing.  11 U.S.C. § 363(b)(1).  It is well established in this jurisdiction that a debtor may use estate property outside the ordinary course of business under this provision if there is a good business reason for doing so.  *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)).

13.    The Amount Due pursuant to the Promissory Note constitutes property of the Debtor N&B's estate.  In the Debtors' business judgment, the immediate monetization of the Amount Due on the terms set forth in the Settlement Agreement is the value-maximizing disposition of the asset, given the relative uncertainty that is inevitable regarding reliance on repayment of the Promissory Note over the course of several years.  Taking into account these factors and the Debtors' constrained liquidity situation, the Debtors are satisfied that this is a sound business decision.  An immediate infusion of $2,000,000 in cash will materially benefit the Debtors' estates, given the Debtors' operational liquidity needs, and support the Debtors' progress through the chapter 11 process approaching confirmation of the Plan.  The stock, which can be sold beginning on January 1, 2024, will provide potential upside to the Debtors' ultimate recovery.

6

14. The Debtors' entry into and performance under the Settlement Agreement therefore satisfies the applicable standard under section 363(b) of the Bankruptcy Code and should be approved.

**II. The Settlement Agreement Satisfies the Bankruptcy Rule 9019 Standard and Should Be Approved.**

15. Under Bankruptcy Rule 9019(a), "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Settlements are a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) ("Settlements are favored [in bankruptcy].").

16. This jurisdiction's standard for approval of a Bankruptcy Rule 9019 settlement asks whether the proposed settlement is fair, reasonable, and in the best interests of the estate. *See, e.g.*, *In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). The following considerations bear on whether a proposed settlement satisfies this standard: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise," including "the paramount interest of creditors with proper deference to their reasonable views," and the "extent to which the settlement is truly the product of arms'-length bargaining, and not of fraud or collusion." *Id.*; *In re Foster Mortg. Corp.*, 68 F.3d 914, 918 (5th Cir. 1995).

17. In evaluating a settlement, the bankruptcy court's role is not to decide the issues in dispute. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders*

*of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

18.     The Settlement Agreement satisfies the standard for approval of a Bankruptcy Rule 9019 settlement.  The Settlement Agreement is the product of good faith, arm's-length negotiations between the Parties and is the best interests of the Debtors' creditors, as the resulting $2,000,000 of cash will reinforce the Debtors' liquidity and support their operational and chapter 11 funding needs approaching confirmation of the Plan.  The $2,000,000 in stock consideration will provide additional recovery.  All in all, the face value of the Settlement Consideration is nearly 80% of the total amount due under the Promissory Note.  When adjusted for the risk of non-payment (and potential litigation related thereto) and time-value of money, in the Debtors' assessment, the Settlement Agreement is well within the reasonable range of outcomes.  Absent a settlement, there is no guarantee that the full Amount Due will be repaid as scheduled by September 2026.  Additionally, the Debtors' need for additional liquidity at this stage of the chapter 11 cases, in addition to the fair value to be paid by SKYX and mitigation of future risk, warrants the relief requested herein.

19.     For the foregoing reasons, the Settlement Agreement is fair, reasonable, and in the best interests of the Debtors' estates.  As such, the Settlement Agreement satisfies the standard for approval of a Bankruptcy Rule 9019 settlement and should be approved.

### Emergency Consideration

20.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i).  Access to additional liquidity in the near term is important for the Debtors in these chapter 11 cases, and the proposed settlement will provide the Debtors with immediate access to $2,000,000 in cash.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

21.      The Debtors request that the Court enter an order providing that notice of the relief

requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to

exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

**Notice**

22.      The Debtors will provide notice of this Motion to:  (a) the U.S. Trustee; (b) the

holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel

to the Initial Plan Sponsors; (d) counsel to the ABL Lenders; (e) counsel to the Committee; (f) the

Office of the United States Attorney's Office for the Southern District of Texas; (g) the Internal

Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state

attorneys general for states in which the Debtors conduct business; (j) the Environmental

Protection Agency; (k) SKYX; and (l) any party that has requested notice pursuant to Bankruptcy

Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order, granting the relief requested herein and granting such other and further relief as the Court deems appropriate under the circumstances.

Houston, Texas
April 25, 2023

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
Victoria Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:            mcavenaugh@jw.com
                      jwertz@jw.com
                      mstull@jw.com
                      vargeroplos@jw.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                      steven.serajeddini@kirkland.com

-and-

Joshua M. Altman (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            josh.altman@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Service**

      I certify that on April 25, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh
