## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NIELSEN & BAINBRIDGE, LLC, *et al.*,[1] | ) ) ) | Case No. 23-90071 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) (Emergency Relief Requested) |

**DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) APPROVING
LIMITED MODIFICATIONS TO THE SECOND
AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION
OF NIELSEN & BAINBRIDGE, LLC, AND ITS DEBTOR AFFILIATES
(TECHNICAL MODIFICATIONS), AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 1:30 p.m. (prevailing Central Time) on July 18, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 18 2023 at 1:30 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case**

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NBGHome. The Debtors' service address in these Chapter 11 Cases is: 12303 Technology Boulevard, Suite 950, Austin, TX 78727.

> **name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

### Introduction

1. The Debtors seek to implement limited modifications to the Plan[2] that, once approved, will facilitate consummation of the Plan and the Debtors' swift emergence from chapter 11. Specifically, the proposed modifications (collectively, the "<u>Modifications</u>")[3] amend certain Plan provisions to provide that Wind-Down Debtor Nielsen & Bainbridge, LLC (the "<u>Pension Plan Administrator</u>") shall terminate the Pension Plan in a standard termination in accordance with 29 U.S.C. § 1341 (a) and (b) and the regulations thereunder (the "<u>Standard Termination</u>"). The specific entity or entities of the Sponsor that enter into the Pension Termination Agreement (the "<u>Sponsor Designee</u>") shall provide the funding necessary to complete the Standard Termination, including any additional benefit liabilities found to be owed to Pension Plan participants and beneficiaries under the audit of such Standard Termination conducted by the Pension Benefit Guaranty Corporation ("<u>PBGC</u>") under 29 U.S.C. § 1303.

2. Prior to Confirmation of the Plan on June 30, 2023, the Debtors engaged in good-faith, arm's-length negotiations with the Initial Plan Sponsors and the Sponsor regarding the go-forward treatment of the Pension Plan. To facilitate a clear to path to exit from these Chapter 11

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Second Amended Joint Chapter 11 Plan of Reorganization of Nielsen & Bainbridge, LLC, and Its Debtor Affiliates (Technical Modifications)*, dated June 29, 2023 [Docket No. 589] (the "<u>Plan</u>").

[3] A side-by-side comparison of the Modifications marked against the definitions in the Plan is attached hereto as **Exhibit A**.

Cases and preserve flexibility for the Wind-Down Debtors, the Debtors seek authority to implement the Modifications.

3. The Modifications are reasonable and appropriate and provide for the orderly Standard Termination of the Pension Plan. The obligation of the Sponsor Designee to fund the liabilities as necessary for the Standard Termination of the Pension Plan pursuant to the Pension Termination Agreement will result in full payment of the pension benefits of current and former employees, and retirees. Because the Modifications require that the Sponsor Designee, the Pension Plan Administrator, the Wind-Down Debtors, and PBGC enter into the Pension Termination Agreement as an unwaivable condition precedent to the Effective Date, the Modifications do not unacceptably alter the treatment of PBGC's Claims.

4. In light of the foregoing, the Modifications are warranted, comport with section 1127 of the Bankruptcy Code, and will facilitate consummation of the Plan and the prompt resolution of these Chapter 11 Cases. Accordingly, the Debtors request that the Court grant the relief requested herein.

## Requested Relief

5. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto, (a) approving the Modifications to the Plan as set forth in the Order and (b) granting related relief.

## Jurisdiction and Venue

6. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are sections 105(a) and 1127 of title 11 of the United States Code (the "Bankruptcy Code") and rule 3019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Basis for Relief**

**I.   The Modifications Are Appropriate Under Section 1127(b) of the Bankruptcy Code.**

9. Section 1127(b) of the Bankruptcy Code provides for the post-confirmation modification of a plan, provided such modifications occur prior to the substantial consummation of such plan:

> [t]he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C § 1127(b).

10. In addition, the Plan and Confirmation Order both provide for the post-confirmation modification of the Plan:

> Subject to the limitations contained in the Plan and consistent with the approval rights set forth in the Restructuring Support Agreement, the Debtors reserve the right to modify the Plan and seek Confirmation consistent with the Bankruptcy Code and, as appropriate, not resolicit votes on such modified Plan. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan and the Restructuring Support Agreement, the Debtors expressly reserve their rights to alter, amend, or modify materially the Plan, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or

the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.

Plan, Art. XII.A; Confirmation Order ¶ 140.

11. Pursuant to section 1127(b) of the Bankruptcy Code, the Plan, and the Confirmation Order, and subject to the Court's approval, the Debtors have authority to take any and all actions necessary to implement the Modifications.

### A. The Plan Has Not Been Substantially Consummated.

12. The Plan has not been "substantially consummated" within the meaning of section 1101(2) of the Bankruptcy Code, which states that "substantial consummation" occurs upon the "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C § 1101(2). None of these conditions have occurred with respect to any Debtor or any Estate property. Additionally, the Debtors have not yet satisfied or obtained waivers for the conditions precedent to substantial consummation set forth in Article XI.B of the Plan. Accordingly, the Plan has not yet been substantially consummated.

### B. The Modifications Comply with Sections 1122, 1123, and 1129 of the Bankruptcy Code and Are Appropriate.

13. *First*, the Modifications do not implicate sections 1122 (classification of claims or interests) or 1123 (contents of a plan) of the Bankruptcy Code. Because the Modifications provide for funding by the Sponsor Designee for liabilities relating to the Pension Plan pursuant to the Pension Termination Agreement with PBGC, they do not adversely modify the terms of the Plan, alter the Plan's classification scheme, or otherwise affect mandatory or discretionary contents of the Plan as set forth in section 1123 of the Bankruptcy Code.

14. *Second*, the Modifications are warranted under the circumstances, and the Plan, as modified, satisfies the requirements set forth in section 1129 of the Bankruptcy Code. The Court has already determined that the Plan meets the requirements of section 1129 of the Bankruptcy Code, as set forth in the Confirmation Order.[4] The Modifications, in turn, do not materially affect any of the already-established criteria for plan confirmation, but instead provide the Debtors with additional means of implementing the Plan, as authorized under the Plan and Confirmation Order.

15. The Modifications comply with section 1127(b) of the Bankruptcy Code, are reasonable, appropriate, and necessary under the circumstances, and will facilitate consummation of the Plan and the Debtors' prompt emergence from chapter 11.

## II. The Modifications Do Not Require Additional Disclosure or Solicitation Pursuant to Section 1127(c) of the Bankruptcy Code.

16. Section 1127(c) of the Bankruptcy Code provides that "[t]he proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified." Compliance with section 1125 of the Bankruptcy Code does not, however, mandate resolicitation of a chapter 11 plan. *See In re Cellular Information Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) ("I find that such changes are nonmaterial modifications which do not require resolicitation of the respective impaired classes of creditors and equity security holders"). Further disclosure is only necessary where a proposed plan modification materially and adversely affects a claimant's treatment. *See Resolution Trust Corp. v. Best Prods. Co.*, 177 B.R. 791, 802 (S.D.N.Y. 1995) (noting that the key inquiry was whether the modification materially altered the plan so that a claimant's treatment was adversely affected); *Enron Corp. v. The New Power Co. (In re The New Power Co.)*, 438 F.3d 1113, 1118 (11th Cir. 2006) ("[A]s an initial matter, we

---

[4] *See Order Approving the Debtors' Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Nielsen & Bainbridge, LLC and Its Debtor Affiliates* [Docket No. 611].

6

consider whether there was any material and adverse modifications from the First Amended Plan.").

17. A proposed plan modification will be considered material "if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance." *In re Am. Solar Corp.*, 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988) (citing 8 Collier on Bankruptcy, ¶ 3019.03 (15th ed. 1987)). Thus, a "clear and obvious improvement to the position of the creditors affected by the modification" will not require resolicitation of the modified plan. *In re Concrete Designers, Inc.*, 173 B.R. 354, 356 (Bankr. S.D. Ohio 1994). This reading of section 1127(c) of the Bankruptcy Code is entirely consistent with the disclosure requirements in section 1125 because a modification that is not material is, "by definition, one which will not affect an investor's voting decision," and thus, "additional disclosure would serve no purpose." *In re Am. Solar Corp.*, 90 B.R. at 824. Additionally, courts have held that proposed plan modifications are not adverse where "[n]one of the changes negatively affects the repayment of creditors." *See, e.g., In re Mount Vernon Plaza Community Urban Redevelopment Corp. I*, 79 B.R. 305, 306 (Bankr. S.D. Ohio 1987); *see also Am. Solar King*, 90 B.R. at 823, n. 27 ("The modified plan need not be resubmitted to creditors and interest holders if the court finds that they are not adversely affected.") (internal citations omitted).

18. Here, the Modifications do not materially and adversely affect the interests of any Holder of a Claim or Interest in these Chapter 11 Cases. The Modifications also do not reduce the aggregate consideration received by any Holder of a Claim under the Plan or affect the form of consideration received by any Holder without such Holder's consent. The Modifications only affect which entity is responsible for the continuation of the Pension Plan and more importantly, provide for the liabilities related to the Pension Plan to PBGC's satisfaction. The Plan

7

Administrator will, in connection with the Wind Down, ensure that the Pension Plan Administrator continues to comply with the terms of the Pension Plan and promptly terminates it in a Standard Termination.

19. The Modifications are supported by the Initial Plan Sponsors and the Sponsor, including the Sponsor Designee, and subject to approval by PBGC of the Pension Termination Agreement, do not materially and adversely affect the interest of any stakeholder in these Chapter 11 Cases. Indeed, the Plan, as confirmed, permitted the Debtors to take any action necessary to implement the Plan, and key stakeholders support the Modifications, as discussed herein. The Modifications, therefore, are proper under sections 1125 and 1127(c) of the Bankruptcy Code and should be approved.

## Emergency Consideration

20. The Debtors request emergency consideration of this Motion. As set forth herein, the requested relief will over the Debtors the flexibility needed to emerge from this Chapter 11 Cases. Failure to receive the requested relief will cause further delays to the Debtors' emergence, to the detriment of all stakeholders. Accordingly, the Debtors request that the Court approve the relief requested herein on an emergency basis.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

21. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

## Notice

22. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Initial Plan Sponsors; (d) counsel to the ABL Lenders; (e) counsel to the Committee;

(f) counsel to the Sponsor Designee; (g) counsel to the PBGC; (h) the Office of the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Environmental Protection Agency; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested in the motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
July 17, 2023

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| Victoria Argeroplos (TX Bar No. 24105799) | Brian Schartz, P.C. (TX Bar No. 24099361) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, TX 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: mcavenaugh@jw.com | Email: joshua.sussberg@kirkland.com |
| jwertz@jw.com | steven.serajeddini@kirkland.com |
| mstull@jw.com | bschartz@kirkland.com |
| vargeroplos@jw.com | |

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on July 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh