United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NIELSEN & BAINBRIDGE, LLC, *et al.*,[1] | ) | Case No. 23-90071 (DRJ) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No.** 684 |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors," and after the Effective Date of the Plan, collectively, the "Reorganized Debtors") for entry of a final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Affiliate Cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NBGHome. The Reorganized Debtors' service address in these chapter 11 cases is: 12303 Technology Boulevard, Suite 950, Austin, TX 78727.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following Affiliate Cases are hereby closed; *provided* that this Court shall retain jurisdiction as provided in the Plan, the Confirmation Order, and this Final Decree:

| Debtor | Case No. |
| --- | --- |
| Cheyenne Products LLC | 23-90073 |
| Design Solutions International, Inc. | 23-90075 |
| Dwell & Decor Outdoor LLC | 23-90077 |
| Home Decor Holding Company | 23-90074 |
| Jimco Lamp & Manufacturing Company | 23-90081 |
| KNB Holdings Corporation | 23-90079 |
| N&B Industries, Inc. | 23-90082 |
| NBG Intermediate Holdings Inc. | 23-90072 |
| NBG Propco LLC | 23-90076 |
| NBG Topco Holdings Inc. | 23-90078 |
| Nielsen & Bainbridge, LLC | 23-90071 |
| Patton Picture Company | 23-90080 |
| Quoizel, LLC | 23-90083 |

2. The Remaining Case of Dwelling & Decor LLC, Case No. 23-90070, shall remain open pending the entry of a final decree by this Court closing the Remaining Case.

3. The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case. The Reorganized Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Dwelling & Decor LLC, Case No. 23-90070. The docket in Case No. 23-90070 should be consulted for all matters affecting this case.

4. The following caption shall be used in the Remaining Case going forward:

| | |
|---|---|
| In re:<br><br>DWELLING & DECOR LLC,<br><br>　　　　　　Wind-Down Debtor. | ) Chapter 11<br>)<br>) Case No. 23-90070 (DRJ)<br>)<br>) (Formerly Jointly Administered Under<br>) Lead Case Nielsen & Bainbridge, LLC,<br>) 23-90071) |

5. The Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases. Any actions with regard to the Remaining Matters, including claims reconciliation with respect to claims against any of the Reorganized Debtors, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any Affiliate Case. Any failure of the Reorganized Debtors, or any entity authorized pursuant to the Plan, as applicable, to file an objection to any claim against or interest in any of the Reorganized Debtors on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed allowed against or in any of the Reorganized Debtors. Any objections to claims against or interests in the Reorganized Debtors may be filed, administered, and adjudicated in the Remaining Case.

6. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases by the later of (i) 21 days after the date of entry of the Final Decree and (ii) the date on which such quarterly fees are otherwise due. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7. Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports and quarterly fees will be paid when due and payable under

28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

8. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors or any entity authorized pursuant to the Plan, as applicable, to dispute any claims filed against any of the Reorganized Debtors in these Chapter 11 Cases, as provided in the Plan and the Confirmation Order.  Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors or any entity authorized pursuant to the Plan, as applicable, to file an objection to a Claim in the Reorganized Debtors' Chapter 11 Cases shall not constitute allowance of the Claim and shall not result in such claim being deemed allowed against any Reorganized Debtor.

9. This Final Decree shall be effective and enforceable upon its entry.

10. The Reorganized Debtors and any entity authorized pursuant to the Plan, and their respective agents, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

11. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed:  August 22, 2023.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE